United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joe Hand Promotions, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-21723-Civ-Scola |
| Mary E. Phillips and others, | ) |
| Defendants. | ) |

**Order Granting Motion for Summary Judgment**

This is an anti-piracy and copyright infringement case involving Defendants Donna Phillips, Mary E. Phillips, and Perry Wings Plus, Inc.'s unauthorized exhibition of Plaintiff Joe Hand Promotions, Inc.'s telecast of a fight between Floyd Mayweather, Jr. and Conor McGregor on August 26, 2017. Clerk's defaults have been entered against Mary Phillips and Perry Wings Plus. (ECF Nos. 26, 35.) Joe Hand now seeks summary judgment against Donna Phillips ("Phillips"), submitting there is no genuine issue of material regarding her violations of both the Copyright Act and the Communications Act. (ECF No. 41.) Phillips has not responded and the time to do so has passed. After careful consideration of the merits of Joe Hand's motion and supporting statement of material facts, the Court **grants** (**ECF No. 41**) summary judgment in its favor.

1. **Background**

Under the Local Rules, any uncontroverted facts may be deemed admitted so long as "the Court finds that the material at issue is supported by the properly cited record evidence" and there is no applicable exception under Federal Rule of Civil Procedure 56. With this framework in mind, along with Phillips's failure to respond to either Joe Hand's motion or statement of facts, the Court finds the undisputed facts in this case as follows.

Joe Hand is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events. (Pl.'s Stmt. of Facts ¶ A.1., ECF No. 42.) By contract, Joe Hand was granted, and has at all times owned, the exclusive domestic commercial distribution rights to the August 26, 2017, telecast of the Floyd Mayweather, Jr., versus Conor McGregor fight broadcast, including undercard bouts and commentary (together, the "Fight"). (*Id.* at ¶ A.2.) Through an agreement with the promoters of the Fight, Joe Hand was licensed to exhibit the Fight at closed-circuit locations, such as theaters, arenas, clubs, lounges, restaurants, and other commercial venues throughout Florida. (*Id.* at ¶ A.4.) In order to exhibit the Fight, commercial venues were required to pay Joe

Hand a sublicense fee. (*Id.* at ¶ A.6.) Ordinarily, the sublicense fee is based on the capacity of the establishment. (*Id.*) None of the Defendants ever paid Joe Hand a sublicense fee to broadcast the Fight. (*Id.* at ¶ B.)

On the night of the Fight, Perry Wings Plus, a commercial venue selling food and alcohol, was open for business and broadcast the Fight to twenty-nine patrons on five televisions. (*Id.* at ¶¶ A.7.–9.) Prior to the broadcast, the showing of the Fight was advertised and promoted on Perry Wings Plus's official Facebook page. (*Id.* at ¶ A.11.) On the date of the broadcast, Phillips was a principal and manager of Perry Wings Plus. (*Id.* at ¶ B.) She was also named on Perry Wings Plus's liquor license. (*Id.*) Phillips knew Perry Wings Plus had not obtained the commercial exhibition rights to the Fight from Joe Hand and yet nonetheless advertised the Fight and then knowingly and willfully broadcast it. (*Id.*, citing unanswered requests for admissions ¶¶ 31–33, ECF No. 41-10.) Phillips financially benefited from sales at Perry Wings Plus on the date the Fight was broadcast. (Pl.'s Stmt. at ¶ B.) Perry Wings Plus had a maximum occupancy of forty-nine patrons. (*Id.* at A.6.) According to Joe Hand's rate table, the fee for Perry Wings Plus to have broadcast the fight would have been $3,700. (*Id.*)

**2. Legal Standard**

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–24. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924

(11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Id.*

Even though Joe Hand's motion is unopposed, the Court cannot simply grant summary judgment in its favor solely by virtue of Phillips's failure to respond. Instead, the Court is required to consider the merits of the motion. *United States v. One Piece of Property, 5800 S.W. 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion.").

### 3. Analysis

#### A. Copyright Infringement

To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright and (2) the defendants infringed one or more of the exclusive rights to the copyright under 17 U.S.C. § 106. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011). Copyright infringement is a strict liability offense, meaning the "[t]he copyright owner need *not* prove any knowledge or intent on the part of the [d]efendant to establish liability for copyright infringement." *Playboy Enterprises, Inc. v. Starware Pub. Corp.*, 900 F. Supp. 433, 436 (S.D. Fla. 1995) (emphasis in original) (Ryskamp, J.).

Joe Hand has established both the assignment of a valid copyright to the Fight broadcast and that Phillips did not have the required commercial license to broadcast the Fight at Perry Wings Plus. The Court finds, therefore, Phillips infringed Joe Hand's copyright by commercially distributing, publicly performing, and displaying the Fight without a license to do so. 17 U.S.C. §§ 106(3)–(5).

The Court further finds Phillips's infringement was knowing and willful. To prove an infringement was "willful" under the Copyright Act, a plaintiff must show (1) the defendant knew its conduct was infringing; or (2) the defendant's actions were the result of either a reckless disregard or willful blindness to the prospect that the conduct was infringing. *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003) (Cohn, J.). Further, knowledge and willfulness of the infringement need not be proven directly but may be inferred from a defendant's conduct. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005) ("a plaintiff can still prove willfulness by proffering circumstantial evidence that gives rise to an inference of willful conduct").

Here, Phillips's infringement was knowing and willful as demonstrated by the promotion of the Fight on Facebook and its subsequent exhibition at Perry Wings Plus. By her failure to respond to Joe Hand's request for admissions, the Court also deems Phillips to have admitted to knowing and willful infringement. (Pl.'s Request for Admission at ¶¶ 30–34, 40.)

Section 504 of the Copyright Act provides that, once a plaintiff has established the infringement of its copyrighted work, the plaintiff may elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" for each work. 17 U.S.C. § 504(c)(1). Furthermore, where a plaintiff demonstrates "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" per work. 17 U.S.C. § 504(c)(2).

"Statutory damages are damages that are established by the Congress in the Copyright Act. The purposes are to compensate the copyright owner, penalize the infringer and deter future copyright law violations." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1283 (11th Cir. 2015). "In determining the amount of statutory damages, it is important that an infringer not reap a benefit from its violation of the copyright laws and that statutory damages should exceed the unpaid license fees so that [a] defendant will be put on notice that it costs less to obey the copyright laws than to violate them." *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 544 (E.D. Pa. 2008) (cleaned up).[1] Courts also have wide latitude in awarding statutory damages under the Copyright Act and have recognized that awards of three times the licensing fee for each work infringed is appropriate, particularly where, as here, the infringement resulted from a deliberate indifference toward copyright laws. *See, e.g., Broad. Music, Inc. v. Entm't Complex, Inc.*, 198 F. Supp. 2d 1291, 1296 (N.D. Ala. 2002) (awarding "approximately three times the amount of licensing fees that Defendants would have owed to Plaintiffs, which courts have generally upheld as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them").

Here, Joe Hand requests a statutory damages award of $11,100 for Phillips's infringement. This equals three times what the licensing fee would have been for Perry Wings Plus. This amount is also well under the statutory maximum and aligns with a recent damages award imposed by the Court in a similar case. *Joe Hand Promotions, Inc. v. Prestige Elite Lifestyle, LLC*, Case No. 1:18-cv-22894-RNS (S.D. Fla. Sep. 10, 2019), *report and recommendation*

---

[1] The Court uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g., Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

*adopted*, ECF No. 22 (S.D. Fla. Sep. 27, 2019) (awarding damages for copyright infringement in the amount of three times the commercial licensing fee).

### B. Communications Act Violations

Both §§ 553 and 605 of Title 47, "Telecommunications," prohibit the unauthorized reception of cable programming. Section 553(a)(1) specifically applies to cable transmissions and provides "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605(a), on the other hand, generally provides "[n]o person not being authorized by the sender shall intercept any radio communication . . . or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a).

Joe Hand qualifies as an aggrieved party under §§ 553 and 605 because it had a proprietary interest in the intercepted cable transmission of the Fight. Further, these sections protect companies like Joe Hand against the theft of proprietary communications like the Fight. *See, e.g., Ciminelli v. Cablevision*, 583 F. Supp. 158, 161 (E.D.N.Y. 1984) (finding § 605 "applicable to the theft of cable television services" where the defendant made "programming available to the general public, [that was] intended for the exclusive use of *paying subscribers*" only) (emphasis in original). Although a defendant may be liable under both sections, an aggrieved plaintiff may recover damages under only one section. *Kingvision Pay-Per-View Corp., LTD. v. Wright*, 8:06-CV-892-T-30MAP, 2006 WL 4756450, at *2 (M.D. Fla. Oct. 27, 2006). Joe Hand seeks relief under § 553 as Phillips has acknowledged obtaining the Fight broadcast through Comcast cable service.

By its plain terms, 47 U.S.C. § 553 is a strict-liability statute. Accordingly, to establish liability a plaintiff need only show the programming was broadcast in the defendant's commercial establishment and that such exhibition was not authorized by the plaintiff. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 (9th Cir. 1999) (noting that "the only finding that matters" is that the defendant bar had shown a portion of an unlicensed fight). Here, both elements have been established: the Fight was broadcast to the patrons of Perry Wings Plus without a license from Joe Hand to do so. Accordingly, Phillips has violated the Communications Act and Joe Hand is entitled to damages under 47 U.S.C. § 553(c)(3).

As similarly provided for under the Copyright Act, Plaintiff may elect for actual or statutory damages under § 553(c)(3)(A)(ii). Statutory damages are

appropriate where actual damages are difficult to prove. *See Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981). Here, due to the difficulty in quantifying actual damages caused by Phillips's violation, Joe Hand has elected statutory damages as provided for by § 553(c)(3)(A)(ii) which provides for a minimum award of $250.00 and a maximum award of $10,000.00 for each violation.

Here, Joe Hand seeks $3,700 in statutory damages. The Court finds this amount justified. First, this would have been the amount Joe Hand would have charged Perry Wings Plus, based on its occupancy limits, had it properly sought a license to show the Fight. Plus, Phillips benefited from showing the broadcast by selling meals or drinks to the patrons who came to view the Fight. And, finally, Phillips never paid the licensing fee nor has she ever attempted to do so.

In addition to statutory damages, aggrieved plaintiffs may also be entitled to up to $50,000 in enhanced statutory damages upon a finding that the violation was willful and committed for the purposes of commercial advantage or private financial gain. As the United States Supreme Court has noted, "willful," as it is used in a vast assortment of civil and criminal statutes, is characterized as "careless disregard for whether or not one has the right so to act." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127 (1985).

Here, the Court has no difficulty determining that the record reveals a willful violation of § 553. Phillips has admitted that the broadcast was willful and committed for direct or indirect commercial advantage and private financial gain. Regardless, even absent these admissions, courts have generally held that the mere interception of a pay-per-view program for broadcast in a commercial establishment is willful and for financial advantage. *See, e.g., Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489–91 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). Here, too, the Court finds Phillips's broadcast of the Fight was no accident; instead, it was a willful violation, committed for the obvious purpose of financial gain.

Accordingly, the Court may award enhanced damages, in its discretion, up to $50,000. 47 U.S.C. § 553(c)(3)(B). Joe Hand requests an award of enhanced damages in the amount of $7,400, which is equal to two times the amount of the statutory damages awarded. The Court finds this amount to be reasonable and believes, in consideration of the facts of this case, that this amount will fairly achieve the statutory goals of restitution and deterrence.

**C. Individual Liability**

Joe Hand maintains Phillips is directly liable, individually, for the Copyright and Communications Act violations detailed above. After review, the Court agrees.

Under the Copyright Act, "[a] person, 'including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement.'" *Jerry Cochran, Inc.*, 2010 WL 11613908, at *6 (quoting *Southern Bell. Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 811 (11th Cir. 1985)). "Similarly, under the Copyright Act, an individual who is the dominant influence in a corporation, and through his position can control the acts of that corporation, may be held jointly and severally liable with the corporate entity for copyright infringements, even in the absence of the individual's actual knowledge of the infringements." *Jerry Cochran, Inc.*, 2010 WL 11613908, at *6 (cleaned up). Correspondingly under the Communications Act, a defendant is vicariously liable if she had the right and the ability to supervise the infringing activity and a strong financial interest in such activities. *See J & J Sports Productions, Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008).

Here, Phillips was the president of the Perry Wings Plus, actively managing it, the holder its liquor license, and present on the night of the infringing broadcast that was exhibited to her patrons. She admits not licensing the broadcast from Joe Hand, says she was aware of the promotion of the broadcast at Perry Wings Plus, participated in facilitating the broadcast, and received a financial benefit from the broadcast. The Court thus easily finds Phillips vicariously liable for the violations. *See Design Tex Grp., Inc. v. U.S. Vinyl Mfg. Corp.*, 04 CIV. 5002 (JSR), 2005 WL 2063819, at *4 (S.D.N.Y. Aug. 24, 2005) (finding president and sole owner of small company vicariously liable for copyright infringement because it was "obvious" that he "had the ability to supervise the infringing activity").

### 4. Conclusion

Consistent with the above analyses, the Court **grants** Joe Hand's motion for summary judgment against Donna Phillip. (**ECF No. 41**.) As it has previously found in a similar case, the Court finds it appropriate to award damages under both the Copyright Act and the Communications Act as each act vindicates separate rights. *Prestige Elite Lifestyle*, C.A. No. 1:18-cv-22894-RNS, Doc. No. 21, *report and recommendation adopted*, Doc. No. 22. Accordingly, upon entering summary judgment in Joe Hand's favor, and consistent with the above, the Court awards Joe Hand the following, with post-judgment interest at the statutory rate, against Donna Phillips: (1) statutory damages under 17 U.S.C. § 504(c) in the amount of **$11,100**; (2) statutory damages under 47 U.S.C. §

553(c)(3)(A)(ii) in the amount of **$3,7000**; and (3) enhanced damages under 47 U.S.C. § 553(c)(3)(B) in the amount of **$7,400**. Joe Hand may file a motion for reasonable attorneys' fees in accordance with the Local and Federal Rules and the Copyright and Communications Acts.

The Court orders Joe Hand to move for the entry of default judgment against the defaulting Defendants on or before **June 26, 2020**. Joe Hand's failure to do so within the specified time will result in a **dismissal without prejudice** as to the defaulting Defendants.

The Court directs the Clerk to **mail copies of this order** to the Defendants at the addresses listed below.

**Done and ordered** in chambers, at Miami, Florida, on June 18, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail and email*:

**Perry Wings Plus, Inc., dba Perry Wings Plus**
c/o Steve C. Lewis, registered agent
10825 B. NW 27th Ave
Miami, FL 33167

**perrywingsplus@gmail.com**

**Mary E. Phillips**
10817 NW 27th Avenue
Miami, FL 33167

**Donna Phillips**
10825 B NW 27th Avenue
Miami, FL 33167

**perrywingsplus@gmail.com**